UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| HELLENIC BANK PUBLIC COMPANY LIMITED | CIVIL ACTION NO. |
| | ADMIRALTY |
| VERSUS | |
| | JUDGE |
| ORIENT ALLIANCE SHIPPING COMPANY LIMITED, *in personam*, and M/V ORIENT ALLIANCE, *her engines, tackle, appurtenances, apparel, etc., in rem* | MAGISTRATE |

## ORIGINAL VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Hellenic Bank Public Company Limited ("Hellenic Bank"), and for its Original Verified Complaint against the Defendants, Orient Alliance Shipping Company Limited ("Orient Alliance"), *in personam*, and the M/V ORIENT ALLIANCE (the "Vessel"), her engines, tackle, appurtenances, apparel, etc., *in rem*, avers as follows:

### JURISDICTION & VENUE

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning Rule 9(h) of the Federal Rules of Civil Procedure. This is an action to enforce a maritime lien against the M/V ORIENT ALLIANCE, an ocean-going vessel, to attach property of Orient Alliance pursuant to a preferred ship mortgage and for judgment against Orient Alliance under the mortgage held by Hellenic Bank.

3338142-1

2.

Venue for this action is proper in the U.S. District Court for the Eastern District of Texas because the Vessel is now, or will be within the pendency of this action, located within this District.

3.

This claim is brought pursuant to and in accordance with the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301, *et seq.*, and under Supplemental Rules B and C of the Federal Rules of Civil Procedure.

**PARTIES**

4.

Plaintiff Hellenic Bank was and is at all material times a company organized and operating pursuant to the laws of Cyprus with a registered office at Corner of Limassol Avenue and 200 Athalassa Avenue, 2025 Strovolos, Nicosia, Cyprus.

5.

Defendant Orient Alliance was and is at all material times a company organized and operating pursuant to the laws of Malta with a registered office at 171, Old Bakery Street, Valletta, Malta.

6.

*In rem* Defendant M/V ORIENT ALLIANCE was and is at all material times an ocean going bulk cargo vessel of 23,426 gross tons bearing IMO No. 9496331 and sailing under the flag of Malta.

3338142-1

## BACKGROUND

7.

On or about September 30, 2015, Hellenic Bank and Orient Alliance entered into a Loan Agreement (the "Loan Agreement") pursuant to which Hellenic Bank agreed to lend, and Orient Alliance agreed to borrow, an aggregate amount of $20,500,000.00 for the purpose of allowing Orient Alliance to partially refinance its purchase/acquisition costs of the Vessel and to reduce certain other related liabilities. *See* Loan Agreement, attached as Exhibit 1.

8.

Among its relevant terms, the Loan Agreement requires Orient Alliance to make quarterly installment payments of $300,000.00 beginning from 31 December 2017, together with interest payments due simultaneously at rates set forth within the Loan Agreement. *See* Loan Agreement, Exhibit 1, §§ 5, 7.

9.

The Loan Agreement also contains a Loan To Value clause pursuant to which Orient Alliance is obligated to obtain period market valuations of the Vessel and, in the event the outstanding principal amount of Orient Alliance's indebtedness to Hellenic Bank exceeds 75% of the Vessel's market value, to either deposit with Hellenic Bank sufficient security to remedy the deficiency in Loan to Value ratio, or to prepay the loan in an amount sufficient to remedy the deficiency. *See* Loan Agreement, Exhibit 1, § 13.

10.

As security for its obligations under the Loan Agreement, the agreement further requires that Orient Alliance direct all earnings arising out of the operation of the Vessel (*i.e.*, freights,

3338142-1

hires, etc.) into an account held by Orient Alliance with Hellenic Bank, or otherwise as directed by Hellenic Bank. *See* Loan Agreement, Exhibit 1, § 15(A)(h).

11.

Also on September 30, 2015, as further security for the Loan Agreement, Hellenic Bank and Orient Alliance entered into: (1) a Deed of Covenants (the "Deed of Covenants"); and (2) a Deed of General Assignment of Insurances, Earnings, and Requisition Compensation (the "Deed of General Assignment") in respect of the M/V ORIENT ALLIANCE (the Loan Agreement, Deed of Covenants, and Deed of General Assignment are collectively referred to herein as the "Agreements") and. *See* Deed of Covenants, attached as Exhibit 2; Deed of General Assignment of Insurances, Earnings, and Requisition of Compensation, attached as Exhibit 3. As relevant to this action, the Deed of General Assignment assigns to Hellenic Bank all of Orient Alliance's rights, title, and interest in earnings of the Vessel. The Deed of Covenants, *inter alia*, affirms and further defines Orient Alliance's obligations under the Loan Agreement and outlines the parties' respective rights and obligations in the event of default of the Agreements.

12.

Pursuant to the Agreements, in the event Orient Alliance defaults on its obligations by, among other enumerated Events of Default, failing to make any principal, interest, or other required payment to Hellenic Bank, or to deposit the earnings of the Vessel into an account directed by Hellenic Bank as required, Hellenic Bank is permitted, at its option: to take possession of the Vessel; to sell the Vessel by public auction or private contract; to accelerate payment of all outstanding indebtedness under the Loan Agreement; and to take any other actions for its protection granted by law, contract, or otherwise. *See* Deed of Covenants, Exhibit 2, §§ 10, 20.

4

13.

The Agreements further provide that in the event Orient Alliance defaults on any of its obligations, Hellenic Bank shall be entitled to indemnification of any costs, legal fees, or other expenses resulting from any action taken by Hellenic Bank to exercise rights granted under the Agreements or by law. *See* Deed of Covenants, Exhibit 2, § 17.

14.

The Agreements authorize Hellenic Bank to exercise its legal rights in any forum in which the Vessel may be found. *See* Deed of Covenants, Exhibit 2, §26.3.

15.

To secure its obligations under the Loan Agreement, on 30 September 2015 Orient Alliance granted Hellenic Bank a first priority statutory ship mortgage for the M/V ORIENT ALLIANCE and her appurtenances (the "Mortgage"). *See* Mortgage, attached as Exhibit 4. At 1652 hours on 30 September 2015 Hellenic Bank registered the Mortgage with the Registrar of Ships of Valletta, Malta. *See* Transcript of Register, attached as Exhibit 5. The Mortgage constitutes a First Ranking Mortgage over the Vessel and is legal, valid, binding, and enforceable according to its terms.

## ORIENT ALLIANCE'S EVENTS OF DEFAULT
## AND BREACH OF THE AGREEMENTS

16.

Orient Alliance has committed the following breaches of the Agreements, all of which constitute Events of Default entitling Hellenic Bank to exercise, at its option, any and all rights granted by the Agreements and/or by law.

3338142-1

17.

On or about 16 October 2017, Orient Alliance obtained a market valuation which determined the market value of the Vessel to be $10,750,000.00 as of that date. *See* 7 November 2017 Notice & Market Valuation, attached as Exhibit 6. As the outstanding principal of Hellenic Bank's loan to Orient Alliance as of that date was $20,500,000.00, a deficiency existed in the required Loan to Value ratio set forth in the Loan Agreement. In breach of its obligations under the Agreements, and despite notice of the deficiency from Hellenic Bank, Orient Alliance failed to remedy the deficiency by prepayment or deposit of additional security within 30 days of notice as required by § 13(b) of the Loan Agreement. *Id.*

18.

Following Orient Alliance's breach of the Loan Agreement by failing to remedy the Loan to Value deficiency described above, Hellenic Bank notified Orient Alliance that its failure placed it in default of the Loan Agreement. *See* 15 December 2017 Notice, attached as Exhibit 7. Orient Alliance failed to remedy its default within 14 days as required by § 20(A)(b) of the Loan Agreement, which constitutes an additional Event of Default. *Id.*

19.

Subsequently, Orient Alliance failed to pay the first repayment installment of $300,000.00 due under the Loan Agreement, which payment was due on 31 December 2017 (of which $299,890.61 remains outstanding as of the date of this filing). *See* 3 January 2018 Notice, attached as Exhibit 8; 17 January 2018 Notice, attached as Exhibit 9; 27 February 2018 Notice, attached as Exhibit 10. These acts constitute additional Events of Default under the Loan Agreement.

3338142-1

20.

On 31 March 2018, Orient Alliance failed to pay the second repayment installment of $300,000.00 due under the Loan Agreement. *See* 11 April 2018 Notice, attached as Exhibit 11. Orient Alliance then failed to remedy that default within 14 days. These acts constitute additional Events of Default under the Loan Agreement.

21.

On 30 June 2018, Orient Alliance failed to pay the third repayment installment of $300,000.00 due under the Loan Agreement, together with interest accrued and due as of that date (of which $297,367.65 remains outstanding as of this date). *See* 11 July 2018 Notice, attached as Exhibit 12. Orient Alliance then failed to remedy those defaults within 14 days. These acts constitute additional Events of Default under the Loan Agreement.

22.

On 30 September 2018, Orient Alliance failed to pay the fourth repayment installment of $300,000.00 due under the Loan Agreement. *See* 14 January 2019 Notice, attached as Exhibit 13. Orient Alliance then failed to remedy those defaults within 14 days. These acts constitute additional Events of Default under the Loan Agreement.

23.

On 31 December 2018, Orient Alliance failed to pay the fifth repayment installment of $300,000.00 due under the Loan Agreement, together with interest accrued and due as of that date. *See* Exhibit 13. Orient Alliance then failed to remedy those defaults within 14 days. These acts constitute additional Events of Default under the Loan Agreement.

3338142-1

24.

As a result of Orient Alliance's repeated and continuing breach of the Agreements, Hellenic Bank has incurred legal fees and costs totaling at least Euro 27,214.86 (approximately $30,295.34) and, which fees and costs will continue to be incurred. In further breach of its obligations under the Loan Agreements, Orient Alliance has failed to indemnify Hellenic Bank for these fees and costs despite due demand. *Id.*

25.

In addition to the foregoing Events of Default, Orient Alliance has ceased depositing earnings generated by the Vessel's operation into the account designated by Hellenic Bank, as required under the Loan Agreement but instead, upon information and belief, has been depositing such earnings in other bank accounts. This breach constitutes an additional Default under the Agreements.

26.

In sum, Orient Alliance is presently in arrears for obligations outstanding and overdue under the Loan Agreement in the amounts of $1,499,890.61 (principal), $908,183.59 (unpaid interest) and Euro 27,214.86 (legal fees).

27.

Further, these Events of Default entitle Hellenic Bank to accelerate repayment of all principal, interest, and other amounts due. Because such acceleration has taken place, Orient Alliance owes at least $21,408,076.53 (principal), $176,712.19 (interest calculated up to and including 18 February 2019) and Euro 27,214.86 (legal fees), plus additional interests, attorney's fees, and costs that continue to accrue. *See* 18 February 2019 Notice, attached as Exhibit 14.

3338142-1

## FORECLOSURE OF MARITIME LIEN

28.

Hellenic Bank repeats and re-alleges all prior allegations as if set forth herein *in extenso*.

29.

As a result of the above-described Events of Default, Orient Alliance has breached the terms and conditions of the Agreements and Mortgage.

30.

Accordingly, Orient Alliance is liable to Hellenic Bank under the Agreements and Mortgage.

31.

Hellenic Bank has duly performed all of its obligations under the terms of the Agreements.

32.

Hellenic has incurred and will continue to incur costs, including attorneys' fees, in exercising its rights under the Agreements, which are recoverable in accordance with the terms of the Agreements. Such Agreements, together with Orient Alliance's liability for breach of the Agreements and the unpaid sums due to Hellenic Bank, give rise to a maritime lien on the Vessel in the current amounts of $1,499,890.61 (principal), $908,183.59 (unpaid interest) and Euro 27,214.86 (legal fees), and, since acceleration of the loan has taken place, in the total amounts of at least $21,408,076.53 (principal), $176,712.19 (interest calculated up to and including 18 February 2019) and Euro 27,214.86 (legal fees), plus additional interest, costs, and attorneys' fees. *See* Exhibit 14.

3338142-1

33.

Hellenic Bank is entitled to judgment *in rem* against the M/V ORIENT ALLIANCE, and immediate arrest thereof under Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure to satisfy its maritime lien.

## BREACH OF PREFERRED SHIP MORTGAGE

Hellenic Bank repeats and re-alleges all prior allegations as if set forth herein *in extenso*.

34.

As a result of the above-described Events of Default under the Agreements, Orient Alliance has breached the terms of the Mortgage, which is a foreign preferred ship Mortgage in accordance with 46 U.S.C. § 31301(6)(B).

35.

By the terms and conditions of the Agreements, Hellenic Bank is currently entitled to judgment *in personam* against Orient Alliance in the amounts of $2,408,074.20 and Euro 27,214.86 and, because the loan has accelerated, is also entitled to judgment *in personam* against Orient Alliance in amounts in excess of $21,584,788.72 and Euro 27,214.86 together with additional interest, costs, and attorney's fees. *See* Exhibit 14.

36.

Orient Alliance cannot be found within the Eastern District of Texas for purposes of jurisdiction or service of process, but possesses property within the District, namely, the M/V ORIENT ALLIANCE. Hellenic Bank is entitled to judgment *in personam* against Orient Alliance, and to the issuance of a writ of attachment of all property of Orient Alliance within the

3338142-1

District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure.

37.

Hellenic Bank agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of seizing property pursuant to process issued in this action.

38.

WHEREFORE, premises considered, Hellenic Bank prays:

A. The process of maritime arrest and attachment, in due form of law, according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of Rule 9(h) of Rules B and C the Federal Rules of Civil Procedure, issue against the M/V ORIENT ALLIANCE and her engines, tackle, appurtenances, apparel, etc., as provided for in Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure, and that all persons claiming any interest in the Vessel be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, appurtenances, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, be seized, condemned, and sold to pay the demands and claims stated herein, with interest, costs, and attorney's fees;

B. That the Mortgage executed by Orient Alliance be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., which is prior and superior to the interest, liens, or claims of any and all persons, firms, or corporations whatsoever except as otherwise provided by law;

11

3338142-1

C.  That it may be decreed that any and all persons, firms, and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities of redemption or claim of, in, or to the mortgaged Vessel, and her engines, tackle, appurtenances, apparel, etc.;

D.  That Judgment be issued against the M/V ORIENT ALLIANCE, *in rem*, and against Orient Alliance, *in personam*, in the full amounts due under the Agreements and Mortgage, as well as any other amounts owed by Orient Alliance proven in this matter; and

E.  For all other relief as law and justice may allow.

Respectfully submitted,

*/s/ Harold K. Watson*
Harold K. Watson, Texas Bar No. 20938500
Daniel A. Tadros, Louisiana Bar No. 21906
Alan R. Davis, Louisiana Bar No. 31694
Ifigeneia Xanthopoulou, Louisiana Bar No. 37927
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Hellenic Bank Public Company Limited**

3338142-1